**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**DONALD LEE TAYLOR,**

    **Petitioner,**

    **v.**                                             **CIVIL ACTION NO. 2:08-CV-49**
                                                                         (Judge Maxwell)

**WEST VIRGINIA PAROLE BOARD**

    **Respondent.**

**MEMORANDUM OPINION AND ORDER
DENYING AND DISMISSING PETITIONER'S § 2254 MOTION, AND
GRANTING RESPONDENT'S MOTION TO STRIKE AND MOTION TO DISMISS.**

On March 5, 2008, the *pro se* petitioner, Donald Lee Taylor, [hereinafter referred to as "petitioner"] filed a motion under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody.[1] On March 26, 2008, the Court Ordered petitioner's motion be construed as a petition for writ of habeas corpus under 28 U.S.C. § 2241.[2,3] It also substituted the Warden as the proper Respondent, and directed the Respondent to show cause why the writ should not be granted. On April 22, 2008, Warden Teresa Waid, [hereinafter referred to as "Respondent"] filed a Motion to Dismiss Petition for Writ of Habeas Corpus, and a Memorandum and Exhibits in support thereof.[4] On June 24, 2008, petitioner filed a Reply to Respondent's Motion to Dismiss, and supporting

---

[1] Doc. No. 1

[2] Doc. No. 8.

[3] The Court erred in Ordering petitioner's motion be construed as a petition under 28 U.S.C. § 2241. The Court now reviews petitioner's motion under 28 U.S.C. § 2254.

[4] Doc. Nos. 11, 12.

Exhibits.[5] On June 27, 2008, Respondent filed a Reply Memorandum to Petitioner's Response to Respondent's Motion to Dismiss.[6] On July 21, 2008, petitioner filed an Answer to Respondent's Response to Petitioner's Reply to Respondent's Motion to Dismiss.[7] On July 29, 2008, Respondent filed a Motion to Strike "Petitioner's Answer to Respondent's Response to Petitioner's Reply to Respondent's Motion to Dismiss."[8] Finally, on August 4, 2008, petitioner filed a Reply to Respondent's Motion to Strike.[9] This matter is pending before me for additional review and report and recommendation.

## I. PROCEDURAL HISTORY

A.     PROCEEDINGS IN STATE COURT

1.     **The Taylor County Conviction**

On May 21, 1987, petitioner pleaded guilty in Taylor County, West Virginia to Grand Larceny. (Resp't Memorandum, Doc. No. 12, Ex. 1). On January 21, 1988, petitioner was sentenced to the West Virginia Penitentiary for a period of "not less than one nor more than ten years." (Id.) On or about November 18, 1988, petitioner escaped from the Pruntytown Correctional Center. (Id. at Ex. 2). On or about April 26, 1989, petitioner allegedly killed Malcom Davies. Petitioner was apprehended May 17, 1989.

---

[5] Doc. Nos. 19, 20.

[6] Doc. No. 22.

[7] Doc. No. 24.

[8] Doc. No. 25.

[9] Doc. No. 26.

### 2. The Monongalia County Conviction

On June 27, 1989, petitioner was charged in a one-count complaint in Monongalia County with killing Malcom Davies in violation of West Virginia Code § 61-2-1. (Id. at Ex. 3). On December 7, 1989, petitioner was convicted by a jury of Murder by First Degree. (Id. at Ex. 4). The jury recommended mercy. On February 22, 1990, the Court sentenced petitioner to life, with the recommendation of mercy. It further ordered that an additional five-year sentence for the violation of recidivist statutes be imposed. The Court ordered that petitioner's sentence run consecutively to any sentence previously imposed on petitioner. (Id. at Ex. 4). The Court also indicated petitioner's "effective sentence date" was June 21, 1989. (Id. at Ex. 4).

### 3. Habeas Petition Filed in the Circuit Court of Kanawha County.

On December 14, 2005, petitioner, *pro se*, filed a Writ of Habeas Corpus in the Circuit Court of Kanawha County, West Virginia. (Pet. § 2254 Motion, Doc. No. 1, Ex. D). On January 13, 2006, the Circuit Court of Kanawha County denied petitioner's Writ of Habeas Corpus. (Id.)

### 4. Appeal of Circuit Court's Denial of Writ of Habeas Corpus Filed in the West Virginia Supreme Court of Appeals.

On March 29, 2006, petitioner filed in the West Virginia Supreme Court of Appeals [hereinafter "WVSCA"], an appeal of the Circuit Court's denial of his Writ of Habeas Corpus. (Id.) On December 6, 2006, the WVSCA refused petitioner's appeal. (Id.)

## B. FEDERAL HABEAS PETITION PROCEEDINGS

On March 5, 2008, petitioner filed his federal habeas petition under 28 U.S.C. § 2254. Petitioner's federal habeas claims are therefore as follows:

1) The West Virginia Parole Board unlawfully changed and/or extended his initial parole eligibility release by over two years, violating his state and federal constitutional due process and equal protection rights.

2) The West Virginia Parole Board denied him fair and adequate notice prior to hearings, violating his state and federal constitutional due process and equal protection rights.

3) The West Virginia Parole Board refused to follow the mandates of West Virginia state law; routinely acted in an arbitrary, capricious, irrational and discriminatory manner; and used unauthorized and/or unconstitutional reasons for denying him parole, all in violation of his state and federal constitutional due process and equal protection rights.

## II. **STANDARD OF REVIEW**

### A. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

In ruling on a motion to dismiss the Court must accept as true all well-pleaded factual allegations. Walker v. True, 399 F.3d 315 (4th Cir. 2005). Furthermore, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear, as a matter of law, that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41, 4506 (1957).

### B. SUMMARY JUDGMENT

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 91977). So, too, has the Fourth Circuit Court of Appeals. Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56c of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the

4

pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Industrial Co. V. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986).

### III. ANALYSIS

**A.    TIMELINESS OF PETITIONER'S § 2254 MOTION**

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. §2244(d). The one-year limitations period "reaches any and every habeas petition filed by persons who are in custody pursuant to state court judgments." Wade v. Robinson, 327 F.3d 328, 331 (4th Cir. 2003). Furthermore, it applies to challenges to actions of a

parole board, to due process challenges to parole board consideration hearings, and to ex post factor challenges to changes in the frequency of parole consideration hearings. Id. at fn.2. The limitation period shall run from the latest of:

    A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review;

    B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Respondent argues petitioner's motion should be dismissed as untimely. Petitioner argues his motion was timely filed.

    1.    <u>Timeliness of Petitioner's First Claim</u>

Under § 2244(d)(1)(D), the one-year limitations period begins to run from the date on which the "factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The alleged factual predicate for petitioner's first claim is that the West Virginia Parole Board unlawfully changed and/or extended his initial parole eligibility release by over two years, from June 1999 to July 2001, thereby violating his state and federal

constitutional due process and equal protection rights.[10] The factual predicate for his first claim was therefore known to petitioner as early as July 2001. Pursuant to § 2244(d)(1)(D), petitioner therefore had until July 2002 to file his first claim. He did not file his § 2254 motion until March 5, 2008, well beyond the one-year limitations period. While he did file a state habeas petition in December 2005, and while such a filing normally tolls the running of any limitations period, see 28 U.S.C. § 2244(d)(2) [providing "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."], July 2002 had long since passed before petitioner filed his state habeas petition. Therefore, his first claim remains untimely filed, see Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000); see, also, Rosenbaum v. Johnson, 2007 U.S. Dist. LEXIS 43988, at *12-13 (W.D. Va. June 18, 2007), unless he can demonstrate the Court should apply the principle of equitable tolling. See id. Petitioner has not advanced any grounds prior to June 29, 2006 that relate to equitable tolling. Therefore, his first claim is time barred.

2.  Timeliness of Petitioner's Second Claim

Under § 2244(d)(1)(D), the one-year limitations period begins to run from the date on which the "factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The alleged factual predicate for petitioner's second claim is that the West Virginia Parole Board denied him fair and adequate notice prior to hearings, violating his

---

[10] Petitioner's initial parole eligibility date on his life sentence was June 1999, ten years after the arrest warrant was issued for the alleged first degree murder. (Resp't Memorandum, Doc. No. 12, at p. 2). For reasons relating to the fact petitioner was in solitary confinement from December 1998 to May 2001, petitioner did not receive his first parole consideration hearing until July 2001. (Id. at p. 4).

state and federal constitutional due process and equal protection rights. To the extent petitioner's claim alleges he was denied fair and adequate notice of his July 2001 hearing, his claim is time barred for the same reasons his first claim is time barred. See Rosenbaum, 2007 U.S. Dist. LEXIS 43988, at *12-13. To the extent petitioner's claim alleges he was denied fair and adequate notice of his May 2002 hearing, his claim is time barred for the same reasons his first claim is time barred. Id. To the extent petitioner's claim alleges he was denied fair and adequate notice of his May 2, 2005 hearing, his claim is time barred for the following reasons. Pursuant to 28 U.S.C. § 2244(d)(1)(D), the one-year limitations period for his claim began running on May 2, 2005, the date petitioner became aware he was denied fair and adequate notice of his May 2005 hearing; petitioner therefore had until May 2, 2006 to file his claim. The running of the limitations period was tolled, however, on December 14, 2005 - approximately 7.5 months into the one-year limitations period - when petitioner filed his state habeas petition in the Circuit Court of Kanawha County. See 28 U.S.C. § 2244(d)(2). The running of the limitations period remain tolled until December 6, 2006, when the West Virginia Supreme Court refused petition's habeas petition.[11] Beginning December 6, 2006, petitioner had approximately 4.5 months, or until mid-April 2007,

---

[11] Petitioner originally asserted the running of the limitations period remained tolled until after the expiration of a 90-day period within which he could have filed a writ of certiorari with the United States Supreme Court. Respondent argued petitioner, in so arguing, was misapplying the 90-day period employed under § 2244(d)(1) to determine when a petitioner's conviction becomes final after he files a state habeas corpus action challenging a state court judgment. See Bowen v. Roe, 188 F.3d 1157, 1159-60 (9th Cir. 1999) [holding the "AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires."]. Respondent explained that because a state habeas petition challenging the denial of parole is not a challenge to a state judgment, see Sigman v. Whyte, 165 W.Va. 356 (1980), the 90-day period relevant to § 2244(d)(1) is not applicable to petitioner's case. Respondent contends the statute in petitioner's case resumed running on the day the WVSCA refused petitioner's state habeas petition. In his Answer to Respondent's Reply, petitioner conceded a 90-day tolling provision did not apply to his case.

within which to file his § 2254 motion. Petitioner did not file his § 2254 motion until March 5, 2008. Therefore, petitioner's claim as it relates to his May 2005 parole hearing is time barred, unless petitioner can establish the Court should apply the principle of equitable tolling.[12] See Rosenbaum, 2007 U.S. Dist. LEXIS 43988, at *12-13.

The remedy of equitable tolling is available "only in those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). Generally, a petitioner seeking equitable tolling must demonstrate "1) that he has been pursuing his rights diligently, and 2) that some extraordinary circumstances stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Petitioner argues 11 months of equitable tolling should be applied to his one-year limitations period because he was unlawfully confined for 11 months in punitive segregation and during that time deprived of his legal materials and meaningful access to the law library. (See Pet's Answer to Resp't Response, Doc. No. 24). In support of his argument, petitioner recounts in his Answer to Respondent's Response that on June 29, 2006, he was transferred from Mt. Olive Correctional Complex to Huttonsville Correctional Center; at that time, prison officials confiscated his legal materials pertaining to his § 2254 motion; upon realizing the materials were missing, he diligently sought to acquire them; in

---

[12] Petitioner did not raise the issue of equitable tolling until his "Answer to Respondent's Response to Petitioner's Reply to Respondent's Motion to Dismiss" filed July 21, 2008. (Doc. No. 24). Respondent, in its Motion to Strike (Doc. No. 25), argues local rules dictate petitioner equitable tolling claim is barred because he failed to raise the issue in his Reply to Respondent's Motion to Dismiss (Doc. Nos. 19, 20). The Court hereby grants Respondent's Motion to Strike Petitioner's Answer. (See Local Rule of Civil Procedure 7.02(b)). However, because case law relating to § 2244(d)(1) specifically raises the issue of equitable tolling, see Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000), the Court feels compelled to address the merits of an equitable tolling claim.

9

November 2006, prison officials seized, and put into disarray, petitioner's remaining legal materials; shortly thereafter, on November 28, 2006, petitioner was put into 'punitive segregation'[13] to serve thirty days (see Resp't Memorandum, Doc. No. 12, Ex. 9 at p. 8); while he was serving his thirty days, he was written-up for additional misconduct and remained in segregation until his release from segregation on March 1, 2007 (see id.); on August 31, 2007, after being out of segregation for six months and diligently trying to reacquire his legal materials, he was again placed into punitive segregation to serve thirty days (see id.); while serving his thirty days, he was written-up for additional misconduct and scheduled to be released from segregation on February 12, 2008 (see id.); in December 2007, petitioner was able to obtain his legal materials; in February 2008, petitioner was released from segregation; he diligently filed his § 2254 motion in March 2008. The above records establish petitioner was allegedly denied his legal materials for a total of eighteen months (from July 2006 through December 2007), and was denied access to the law library for 8.5 months (from approximately November 2006 to March 2007, and from August 2007 to February 2008).

The Court finds for the following reasons petitioner has failed to demonstrate the remedy of equitable tolling should be applied to the limitations period governing the May 2005 portion of his claim. First, petitioner has failed to demonstrate his original or continued confinement in punitive segregation resulting in denial of access to the law library was "external to his own conduct." Harris, 209 F.3d at 330. To the contrary, the record establishes, and petitioner concedes, he was originally confined to segregation in November 2006 for violating prison rules. (See Pet. Answer to Resp't Response, Doc. No. 24, at p. 4; Resp't Memorandum, Doc. No. 12, Ex.

---

[13] "Punitive segregation" means the same as "solitary confinement." See Resp't Memorandum, Doc. No. 12, at p. 4.

10

9 at p. 8). The record also establishes, and petitioner concedes, he was re-confined to segregation in August 2007 for violating prison rules against possessing sugar. (Pet. Reply to Resp't Motion to Dismiss, Doc. No. 22, at p. 41; Resp't Memorandum, Doc. No. 12, Ex. 9 at 8). Most notably, the record establishes, and petitioner concedes, that he accumulated numerous 'write-ups' while in segregation because "although irrational on petitioner's behalf, [he] was intentionally trying to get the Huttonsville Corrections officials to transfer [him] back to Mt. Olive Correctional Center." (Id.) For example, Exhibit 18 documents in December 2006, while in segregation, petitioner threatened in a letter to "start knocking out windows, assaults or whatever it takes to go to Mount Olive; that the first chance he gets he will whip Sergeant Adkin's ass;" in January 2007, while in segregation, petitioner called Sergeant Hamrick a "two faced piece of shit;" in February 2007, while in segregation, petitioner threatened to " knock someone's fucking brains out; tell her (Warden Teresa Waid) the blood will be on her hands;" in September 2007, while in segregation, petitioner told Correctional Officer Mike Smith he was "a punk ass mother fucker and that [he] better get the fuck out of here before I knock you the fuck out." (Resp't Memorandum, Doc. No. 12, Ex. 18). Respondent's Exhibit 9 further details petitioner's misconduct while in segregation.

Second, petitioner's alleged denial of "meaningful access to [the] law library" is insufficient in and of itself to establish grounds for equitable tolling; rather, he must further demonstrate the lack of access significantly impeded his ability to litigate his claim. See Lewis v. Casey, 518 U.S. 343 (1996); see, also, Cannon v. Bazzle, 2005 U.S. Dist. LEXIS 44298 at *30-33 (D.S.C. Sept. 30, 2005) [holding alleged lack of legal knowledge or access to legal materials is insufficient, alone, to establish grounds for equitable tolling]. Petitioner has not made such a demonstration. Furthermore, even if petitioner had been denied access to the law library during his eight and a half months of segregation, he presumably had access to the library for the nearly

11

eleven months he was not in segregation (from July 1, 2006 through November 28, 2006, and from March 1, 2007 to August 31, 2007). Finally, even if petitioner were granted equitable tolling for the 8.5 months time he was deprived of access to the law library while in segregation, he still would have exceeded the one-year limitations period: 7.5 months of the limitations period ran from May 2, 2005 (the date of his parole hearing) to December 14, 2005 (the date he filed his state habeas petition); assuming the statute remained tolled through the WVSCA's refusal of his state habeas petition on December 6, 2006, and did not resume running until his release from punitive segregation in March 2007, the statute would have ran for another 6 months until August 31, 2007, when he was re-confined to punitive segregation. Thirteen and a half months, in total, would have therefore run between petitioner's May 2005 hearing and his filing of his § 2254 motion.

Third, petitioner has failed to establish any causal connection between the prison officers' alleged unlawful acquisition of his legal materials and his inability to file a timely petition. See Gaston v. Palmer, 387 F.3d 1004, 1009 (9th Cir. 2004); see, also, Stroupe v. Jarvis, 2006 U.S. Dist. LEXIS 26965 at *8 (W.D. Va. May 8, 2006). Even assuming petitioner was unlawfully denied access to his legal materials, petitioner has failed to establish that he could not file his habeas petition in the absence of his legal materials. Specifically, petitioner has failed to demonstrate he was unable to obtain from his prison records copies of his parole decisions, pre-parole reports, and any disciplinary reports. Similarly, petitioner has failed to demonstrate he was unable to obtain from the court copies of his state habeas petitions. Furthermore, and most importantly, petitioner has failed to demonstrate he was unable to fill out the standard form available for filing a § 2254 motion. Such a form would not have required petitioner to have access to the details in his legal materials.

12

For the reasons stated above, the Court finds petitioner's claim as it relates to the May 2005 parole hearing is time barred.

3. Timeliness of Petitioner's Third Claim

Under § 2244(d)(1)(D), the one-year limitations period begins to run from the date on which the "factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The alleged factual predicate for petitioner's third claim is that the West Virginia Parole Board refused to follow the mandates of West Virginia state law; routinely acted in an arbitrary, capricious, irrational and discriminatory manner; and used unauthorized and/or unconstitutional reasons for denying him parole, all in violation of his state and federal constitutional due process and equal protection rights. Again, to the extent petitioner's present claim challenges the West Virginia Parole Board's conduct surrounding his July 2001 hearing, his claim is time barred for the same reasons his first claim is time barred. See Rosenbaum, 2007 U.S. Dist. LEXIS 43988, at *12-13. Similarly, to the extent petitioner's present claim challenges the West Virginia Parole Board's conduct surrounding his May 2002 hearing, his claim is time barred for the same reasons his first claim is time barred. Id. Finally, to the extent petitioner's present claim challenges the West Virginia Parole Board's conduct surrounding his May 2005 hearing, petitioner's claim is time barred for the same reasons petitioner's second claim relating to the May 2005 parole hearing is time barred.

## IV. **ORDER**

For the reasons set forth in Footnote 12, Respondent's Motion to Strike (Doc. No. 25) is **GRANTED**; for the reasons set forth above, Respondent's Motion to Dismiss (Doc. No. 11) is **GRANTED** and petitioner's § 2254 motion (Doc. No. 1) is **DENIED WITH PREJUDICE** as

untimely. This civil action is hereby DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgement of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order. Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny a certification, the petitioner may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this order to the petitioner and counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

Dated: August 15, 2008          /s/ James E. Seibert
                                          JAMES E. SEIBERT
                                          UNITED STATES MAGISTRATE JUDGE